■ MARRIANO J. SCIACCA, Respondent, v. JOSEPH GAJAWSKI, Doing Business as WHITE OAK DAIRY, et al., Appellants.— Order affirmed, with costs. All concur. (Appeal from an order of Monroe Trial Term granting plaintiff's motion to set aside the verdict of the jury in favor of defendant for no cause of action and for a new trial, in an automobile negligence action.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.

■ VALLEY SAND AND GRAVEL CORPORATION, Respondent, v. CONTINENTAL CASUALTY COMPANY, Appellant, et al., Defendants.— Order and judgment affirmed, with costs. Memorandum: Upon oral argument appellant stipulated that if it was not entitled to summary judgment dismissing the complaint, Special Term properly granted summary judgment in favor of the plaintiff. In view of this concession, we are not required to pass upon this phase of the case. All concur. (Appeal from an order and judgment of Monroe Special Term denying motion by defendant casualty company for summary judgment and ordering that defendant's answer be stricken out and determining that defendant casualty company is obliged to defend plaintiff in actions against defendant's insured and plaintiff.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ PATRICK J. WILSON, an Infant, by HUGH J. WILSON, His Guardion ad Litem, et al., Respondents, v. CITY OF BUFFALO, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: The verdict of the jury was against the weight of the credible evidence. Upon a new trial it will be incumbent upon the plaintiffs to prove compliance with section 50-e of the General Municipal Law. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ MARCIA LANZI, Appellant, v. STATE OF NEW YORK, Respondent (Claim No. 33245.) — Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims dismissing a claim against the State for damages for personal injuries alleged to have been sustained by claimant by reason of negligent highway maintenance.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ VITO LANZI, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33246.) — Same decision and like cause of action as in companion case of Lanzi v. State of New York, 6 A D 2d 756.

■ In the Matter of the Construction of the Will of EMMA F. TAYLOR, Deceased. BANK OF NEW YORK, Appellant; JOHN W. KELLOGG, as Special Guardian, Respondent.— Decree insofar as appealed from affirmed, with costs to each party filing a brief payable out of the fund. All concur. (Appeal from part of a decree of Jefferson Surrogate's Court construing a will). Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ ROBERT W. ZIELINSKI, Respondent, v. HELEN K. ZIELINSKI, Appellant.— Decree modified on the law and facts in accordance with the memorandum, and as modified affirmed, without costs of this appeal to either party. Memorandum: We are not satisfied that the evidence was sufficient to sustain a finding that the defendant abandoned the plaintiff. There was, however, ample evidence of cruel and inhuman treatment of the plaintiff by the defendant. The decree of separation should be modified by striking therefrom the words in the ordering paragraph " and upon the ground of defendant's abandonment of plaintiff." As so modified, the decree should be affirmed. All concur. (Appeal from a decree of Monroe Equity Term awarding plaintiff a separation.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.